IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,288






EX PARTE ALEJANDRO BENAVIDES, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 187TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






Holcomb, J., delivered the opinion of the unanimous Court.




 This is a post-conviction habeas corpus proceeding, brought under Article 11.07 of the Texas
Code of Criminal Procedure, in which applicant Alejandro Benavides seeks relief in Cause Number
2000-CR-3720W in the 187th Judicial District Court of Bexar County. The relevant facts, as
reflected in the habeas record, are as follows. On July 18, 2000, applicant, pursuant to a plea
bargain, waived indictment and pled guilty to the felony offense of possession of a controlled
substance, to wit: heroin, in the amount of four grams or more but less than 200 grams. See Tex.
Health & Safety Code § 481.115(a) & (d). On September 11, 2000, the trial court assessed
applicant's punishment at imprisonment for eight years and a fine of $1,000. Applicant did not
appeal.

 On November 11, 2004, applicant filed an application for writ of habeas corpus in the trial
court. In the application, applicant argued that he had been denied his federal constitutional rights
to due process of law and equal protection of the laws when, on February 2, 2004, the Texas Board
of Pardons and Paroles denied him release on discretionary mandatory supervision. On November
9, 2005, we ordered applicant's application filed and set "to determine the proper remedy when an
inmate [i.e., applicant] is denied release to discretionary mandatory supervision after being given
inadequate notice of when he would be reviewed, and is not given any further review for mandatory
supervision within the next two years because he has been incorrectly classified as ineligible for
mandatory supervision." Ex parte Benavides, No. AP-75,288 (Tex.Crim.App.- Nov. 9, 2005). On
January 10, 2006, applicant, through his appointed counsel, notified this Court that, on November
22, 2005, he had been released on mandatory supervision. Applicant also asked that his application
be dismissed as moot.

 In view of the foregoing, we dismiss applicant's application as moot.


DELIVERED OCTOBER 4, 2006

DO NOT PUBLISH